IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KD'S CROSSING, LTD d/b/a Five Star Formulas, § § § | | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:13-CV-4922-L** |
| SCOTT MARTIN, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Judgment, filed July 31, 2014. After careful consideration of the motion, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment.

**I.     Background**

On December 18, 2013, KD's Crossing, Ltd ("Plaintiff" or "KD's Crossing") filed this action against Scott Martin ("Defendant" or "Martin") for alleged violations of the Texas Deceptive Trade Practices Act ("TDTPA"), breach of contract, common law fraud, and *quantum meruit*.[1] On April 11, 2014, a copy of the Summons and Plaintiff's Original Petition[2] was served personally on Martin. Martin was required to answer or otherwise respond to Plaintiff's Complaint

---

[1] The caption of Plaintiff's pleading states that it includes a claim for "violations of the Federal Debt Collection Act." The body of the pleading never references this Act, and the court concludes that such inclusion was inadvertent. Therefore, the court does not treat Plaintiff's pleading as having set forth a claim under this federal statute.

[2] Plaintiff's pleading document is labeled as Plaintiff's "Original Petition." This is a misnomer, as the document to commence an action in federal court is designated as a "complaint." Fed. R. Civ. P. 3. Hereafter, the court will refer to Plaintiff's Original Petition as Plaintiff's Complaint.

**Memorandum Opinion and Order – Page 1**

by May 2, 2014, 21 days after service of the Complaint. *See* Fed. R. Civ. P. 12. As of today's date, Martin has not answered, filed a motion to dismiss, or otherwise responded as required by law. Martin is not an infant, incompetent person, or member of the United States military.

On June 2, 2014, KD's Crossing filed Plaintiff's Request[s] for Clerk's Entry of Default. The clerk of court entered default on the same day.

## II.     Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court has entered a default against Martin.

Martin, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Martin breached the contract between him and KD's Crossing, violated the TDTPA as set forth in the Complaint, and committed common law fraud. Martin is in default, and KD's Crossing is entitled to a default judgment and appropriate damages against him. As Plaintiff seeks treble damages, the court determines that Plaintiff elects to recover under the TDTPA. In this regard, the court concludes, based upon the record and well-pleaded allegations of the Complaint, that Martin undertook an unconscionable course of action against Plaintiff to its detriment in that he engaged in acts that

took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree regarding the parties' agreement to develop jointly a formula for a diet supplement.

## III.   Damages, Prejudgment Interest, and Attorney's Fees

### A.   Damages

Plaintiff has submitted evidence that itemizes and supports the damages it incurred because of Martin's unconscionable conduct.  The amount is $22,281.69, and the court determines that this reflects the actual economic damages incurred by KD's Crossing.

The court expressly finds that the acts relating to Martin's unconscionable conduct were committed knowingly by him.  When the court finds that the conduct or acts were committed knowingly, it may award up to three times the amount of economic damages.  Tex. Bus. & Com. Code Ann. § 17.50(b)(1).  The court determines that Martin's conduct warrants a trebling of KD's Crossing's economic damages, and the total amount of damages to which KD's Crossing is entitled is $66,845.07.

### B.   Prejudgment Interest

KD's Crossing does not provide the court with sufficient information to determine the amount of prejudgment interest to which it is entitled.  Accordingly, the court will make no award of prejudgment interest to KD's Crossing.

### C.   Attorney's Fees and Costs

Plaintiff seeks attorney's fees pursuant to section 17.50(d) of the Texas Business and Commerce Code.  As the prevailing party, Plaintiff is entitled to reasonable attorney's fees. Plaintiff seeks $5,046.85 as reasonable attorney's fees.  KD's Crossing seeks fees of $275 per hour for its counsel, Mr. Warren V. Norred, and $90 per hour for Mr. Norred's paralegal.

Mr. Norred does not state how long he has been licensed by the State of Texas, but the State Bar of Texas records indicate that he has been licensed since December 2007, just over seven years. The court is familiar with the normal and customary hourly rate for attorneys in the Dallas-Forth Worth Metroplex with the level of ability and experience similar to that of Mr. Norred. An hourly rate of $275 is reasonable for a seven-year attorney in this legal market. The court also notes that the wage for paralegals is from $75 to more than $200, and determines that an hourly rate of $90 is quite reasonable.

The court, upon a review of the time records and its familiarity in setting fees in numerous cases, concludes that the hours expended by Mr. Norred and his paralegal were necessarily incurred for the successful prosecution of this action. Accordingly, the court will award KD's Crossing $5,046.85 for attorney's fees and expenses.

**IV.    Conclusion**

For the reasons herein stated, the court **grants** KD's Crossing's Motion for Default Judgment against Scott Martin. KD's Crossing is entitled to and shall recover a judgment against Martin in the amount of **$66,845.07**, which represents the actual economic damages multiplied by three. The court finds that KD's Crossing is entitled to recover reasonable attorney's fees and expenses in the amount of **$5,046.85**. The court, as required by Federal Rule of Civil Procedure 58, will enter judgment by a separate document.

**It is so ordered** this 30th day of March, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 4**